PER CURIAM.
Appellant/husband, Kenneth G. Odom, appeals from a final judgment in a dissolu *675 tion of marriage proceeding. Appellant’s single point on appeal urges error on the part of the trial court in awarding the appellee/wife, Angelia L. Odom, the husband’s interest in the jointly owned marital home “as a partial award of alimony and property settlement.” We affirm.
The parties were married on March 24, 1979. One child was born of the marriage on June 22, 1980. The wife was awarded custody of the child and $55.00 per week child support.
Both husband and wife are employed, the husband’s take-home pay being $765.52 per month and the wife’s being $470.68 per month. The husband was ordered to pay $953.00 in outstanding bills of the parties, and one-half of another $710.86 obligation. The court reserved jurisdiction to award the wife alimony, only to the extent she might be called upon to pay the obligations the husband was ordered to pay.
The parties’ equity in the jointly owned marital home was $3,200.00. The wife was awarded the husband’s equity, and the wife is obligated to make the mortgage payments of $270.00 per month.
While the court cannot award property of the parties as a “property settlement,” it is within the discretion of the court to award the jointly owned home to the wife as lump sum alimony where the wife has a need for the award and the husband has the ability to satisfy the award. We cannot say the award of the husband’s equity of $1,600.00 in the marital home to the wife as lump sum alimony, was an abuse of his discretion to do equity between the parties.
AFFIRMED.
SCHEB, A.C.J., and CAMPBELL and LEHAN, JJ., concur.